IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JIM CULBERTSON, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )   Case No. CIV-11-138-M
                                  )
FLETCHER PUBLIC SCHOOL            )
DISTRICT, et al.,                 )
                                  )
            Defendants.           )

## ORDER

Before the Court is the Motion to Dismiss of Defendants, Fletcher Public School District, Kathryn Turner, Jayson Wilson, Aaron Jones, Sam Harless, James Hall, Judy Davis, Danny Jones, Shane Gilbreath, Michael Wynn, Julie Poteete, Lonnie Sanders, and Wade Deitrick, all in their official capacities. Also before the Court is the Motion to Dismiss of Defendants Kathryn Turner, Aaron Jones, Sam Harless, James Hall, Judy Davis, Danny Jones, Shane Gilbreath, Michael Wynn, Julie Poteete, Lonnie Sanders and Wade Deitrick in their individual capacities. Defendant Jayson Wilson's motion to strike plaintiff's responses was filed March 30, 2011. Plaintiffs have filed their responses to both motions to dismiss and to defendant Jayson Wilson's motion to strike. On April 29, 2011, plaintiffs' response to defendant Wilson's motion to strike was filed. Defendant Jayson Wilson's reply to plaintiffs' response to his motion to strike was filed on May 3, 2011. The Court now addresses these motions.

I.      Introduction

Plaintiffs Jim and Peggy Culbertson ("plaintiffs") are parents of high school student L.C. In the summer of 2007, L.C. began playing baseball for Fletcher High School. Fletcher Public

Schools, Independent School District No. 9 is an organization existing under the laws of the State of Oklahoma, operating under the control and supervision of the Board of Education of Fletcher Public Schools ("FBE").  FBE is the governing body of Fletcher Public School District ('FPSD") and is comprised of defendants Harless, Hall, Davis, A. Jones and D. Jones.  Defendants Turner, Wilson, Poteete, Wynne, Gilbreath, Sanders and Dietrich are all employees and/or administrators of Fletcher Public Schools.

Plaintiffs allege that L.C., while a student at Fletcher Public Schools, was subjected to hazing and improper conduct by other students and defendant baseball coach Jayson Wilson.  Plaintiffs contend that the members of the FBE, its Superintendent, High School Principal, Assistant Principals and Athletic Director failed to properly supervise the coach and students and failed to properly enforce policies prohibiting bullying and hazing. Plaintiffs allege that these failures subject these defendants to official and individual liability for assault, battery, intentional infliction of emotional distress, false imprisonment, negligence, fraud, defamation, breach of fiduciary duty and official and individual liability for violating the constitutional rights of L.C.  Plaintiffs also seek injunctive relief.

## II.     Standard of Review

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms."  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint.  *Id*.  In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id*.  In determining subject matter jurisdiction where there is a factual attack, the "court has wide

discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*. Here, defendants have asserted a facial attack as to plaintiffs' state law tort claims and the alleged deprivation of the L. C.'s constitutional rights to equal protection of the laws and to substantive due process.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) the United States Supreme Court announced the standard for motions to dismiss and stated that a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." A court deciding a Rule 12(b)(6) motion "should assume the veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id.* at 1949-51.

In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

III. Discussion

    A. Standing

Defendants first assert that plaintiffs Jim and Peggy Culbertson lack standing to pursue

3

claims brought on behalf of their child L.C. Rule 17 of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." Plaintiffs note in their response that they did not bring claims on behalf of L.C. Plaintiffs now seek to substitute the full name of L.C. as a party in interest through an amended Petition. As L.C. has now reached the age of majority and plaintiffs Jim and Peggy Culbertson both are named as individual plaintiffs, the Court grants plaintiffs leave to amend their Complaint substituting L.C.'s full name. Accordingly, the Court denies defendants' motion to dismiss as to standing.

B. Claims against Individual Defendants in their Official Capacities

The individual defendants seek dismissal of the claims against them in their official capacities because in actuality these claims are in law claims against the public entity defendant FPSD and are thus redundant. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent". *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978). *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 7 L. Ed. 2d 114, 121 (1985). Under Oklahoma law, claims against governmental officers acting in their official capacities are the same as claims against the entity that such officers represent and an attempt to impose liability on that entity. *Pellegrino v. State ex rel Cameron Univ.*, 63 P.3d 535, 537 (Okla. 2003). Thus, plaintiffs' state law claims against the individual defendants in their official capacities are redundant to plaintiffs' state law claims against defendant FPSD.

The individual defendants also seek dismissal of the state law claims against them to the extent defendants' acts were within the scope of their employment, pursuant to Okla. Stat. tit 51, § 153 and *Shepard v. Compsource Okla.,* 209 P.3d 288 (Okla. 2009). The individual defendants contend the only duty owed to plaintiffs arises out of the context of their employment with FPSD

4

and thus should be dismissed. The Court agrees. Accordingly, the Court grants defendants' motion to dismiss as to claims against the individual defendants in their official capacities.

C. Time Limitation of Claims

Defendants next assert that much of plaintiffs' action is time-barred. Plaintiffs' Notice of Tort Claim giving rise to this case was filed on June 10, 2010. The Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, § 151 *et seq.*, the exclusive vehicle of recovery against an Oklahoma political subdivision, requires that all claims against defendants be raised within one year of their occurrence or forever be barred. Plaintiffs contend that in the summer of 2007, L.C. while playing baseball for Fletcher High School was subjected to hazing rituals encouraged and sanctioned by defendant Wilson on a regular basis. Defendants contend much of plaintiffs' action is thus time-barred and any negligence or tort claims asserted against defendants which occurred prior to June 10, 2009 must be dismissed, because this Court lacks jurisdiction over all such tort claims. Plaintiffs counter alleging no issues are time barred as L.C. has multiple disabilities and is entitled to file this action under state law and qualifies for tolling of the OGTCA.

Oklahoma law provides a statutory tolling period for persons who are "under any legal disability," but the statute does not define the term "legal disability." Okla. Stat. tit. 12, §96. The tolling provision entitles legally disabled individuals to bring suit for torts until they reach the age of majority or until one (1) year after such disability shall be removed. *Id.* Plaintiffs contend L.C. has special needs and is disabled. Plaintiffs further argue that defendants' action which serves as the basis for suit is ongoing to the present day. The Court finds the circumstances of this case warrant application of statutory tolling. Plaintiffs have presented sufficient allegations that L.C. is legally disabled such that he is entitled to bring his state law tort claims. Accordingly, the Court

5

denies defendants' motion to dismiss as to time limitation of plaintiffs' claims.

    D.      Fraud

Plaintiff's sixth cause of action, fraud by omission and misrepresentation, is purported to be brought against all defendants commencing "from the first day of summer baseball in June of 2007 through February 1, 2010." Also, plaintiffs set forth in the Complaint the bare assertion that they received reports from FPSD that L.C. was doing well in support of their claim for fraud by omission and misrepresentation. Defendants assert that plaintiffs failed to plead their allegations of fraud with specificity. In particular, defendants contend that plaintiffs failed to set out specifically who committed the alleged fraud, what was said, where it occurred and when it occurred and thus plaintiff's fraud claim must be dismissed.

Under Oklahoma law, the elements of common law fraud are: (1) a false material misrepresentation; (2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; and (4) which is relied upon by a party to one's detriment. *Gay v. Akin*, 766 P.2d 985, 989 (Okla. 1988) (citations omitted). In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The primary purpose of Rule 9(b) is to afford a defendant fair notice of plaintiffs' claim and of the factual ground upon which it is based. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (overturned on other grounds). A complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences of the fraud. *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citations omitted).

Mindful of the pleading standards required to state a claim for fraud and upon careful review

of plaintiffs' fraud allegations, the Court finds plaintiffs' fraud claim is vague and lacking in specifics regarding which particular defendant participated in the alleged fraudulent conduct. Obviously, the very use of the plural "defendants" in this claim makes identification of the alleged wrongdoer impossible. The Court finds that plaintiffs' vague and broad allegations fail to provide the respective defendants with adequate notice of their claim and the facts upon which it is based.

Even if plaintiffs' Complaint was found to plead a cause of action for fraud with specificity against the FPSD, the Court finds that a fraud claim may not be maintained against FPSD as a matter of law because the OGTCA specifically excludes fraud from the definition of "scope of employment." *See* Okla. Stat. tit. 51, § 152 (12). Accordingly, the Court grants defendants' motion to dismiss as to plaintiffs' fraud claim.

### E. Intentional Torts against Fletcher Public Schools, Administrative Employees and Board Members

Plaintiffs' Complaint includes causes of action for the intentional torts of assault, battery, false imprisonment, intentional infliction of emotional distress and defamation. Defendants assert they are immune from these claims pursuant to OGTCA. As related to FPSD, defendants contend the only way the district could be liable for any tortuous action of an individual employee is if the employee acted within the scope of his or her employment. Defendants, however, argue the district cannot be liable for any intentional torts of its employees because those torts each include an essential bad faith or bad intent element, which negates a finding that an employee has acted within the scope of his employment as a school employee or official. Plaintiffs contend whether or not defendants were acting within the scope of employment is a material fact that is contrary to allegations contained in the Complaint and thus outside the pleadings and premature on a motion to dismiss. Plaintiffs also contend defendant Wilson's actions were ratified by the district, and that

7

facts must be fleshed out in discovery to determine whether the heinous and shocking events were known to the highest decision makers or became custom at the district, thereby satisfying the threshold test for municipal liability.

The OGTCA provides, in pertinent part: "[t]he state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment." Okla. Stat. tit. 51, § 153(A). "'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority...." Okla. Stat. tit. 51, § 152(12). "The above provisions, taken together, immunize a governmental entity falling under the OGTCA when, in order to prevail on the particular tort claim sued upon, a plaintiff is required, as a matter of law, to show conduct on the part of a governmental employee that would mandate a determination the employee was not acting in good faith. In other words, when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a OGTCA-based suit." *Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla. 2001).

Having reviewed the parties' submissions, the Court finds that plaintiffs have failed to state a claim for the intentional torts of battery, assault, false imprisonment, defamation and intentional infliction of emotional distress against Fletcher Public School District, as "there can be no liability against the governmental entity in a GTCA-based suit." *Id*.

To the extent plaintiffs assert claims for the intentional torts of assault, battery, defamation and intentional infliction of emotional distress against the individual administrative employees and/or board members, defendants assert that each of the factual allegations pled by plaintiffs in

8

these causes of action enumerates actions allegedly taken by defendant Jayson Wilson. Defendants contend the only allegations relating to the administrative employees and board members in these causes of action are that the administrative employees and board members ratified defendant Jayson Wilson's actions by failing to stop his actions and failing to remedy the problem. Having reviewed the parties' submissions, the Court finds that none of these alleged actions or inactions constitute a claim for the intentional torts of battery, assault, false imprisonment, defamation and intentional infliction of emotional distress against the administrative employees or board members. Specifically, the Court finds there are no allegations that the administrative employees or board members ever committed any intentional torts against plaintiffs.

Accordingly, the Court grants defendants' motion to dismiss on plaintiffs' claims for the intentional torts of battery, assault, false imprisonment, defamation and intentional infliction of emotional distress as to defendants FPSD, Kathryn Turner, Aaron Jones, Sam Harless, James Hall, Judy Davis, Danny Jones, Shane Gilbreath, Michael Wynne, Julie Poteete, Lonnie Sanders and Wade Dietrich.

F. Negligence claims

Plaintiffs' causes of action for negligent supervision, negligence, gross negligence and negligence per se are also purported to be brought against FPSD, the individual members of the Board of Education, athletic director, Lonnie Sanders, principal, Wade Dietrich, superintendent Kathryn Turner, principal Julie Poteete, Shane Gilbreath, and Michael Wynne. Defendants contend the OGTCA immunizes a political subdivision from liability for failure to investigate, evaluate or report matters that the entity is required by law to investigate, evaluate or report. Okla. Stat. tit. 51 § 155(4). Defendants also contend the OGTCA immunizes political subdivisions from claims

9

arising from adoption or enforcement of or failure to adopt or enforce any rule or policy. *Id.* Defendants also assert these causes of action should be dismissed as to administrative employees and board members in their individual capacity because the OGTCA shields school employees and officials from liability for their negligent actions while acting in the scope of their employment. In response, plaintiffs assert that by omission, individual defendants committed negligence. Plaintiffs also contend upon information and belief defendant FPSD had written policies and procedures prohibiting bullying and hazing. Plaintiffs contend in March of 2009, six months prior to the acts in this case, defendant Wilson had participated in a hazing and bullying incident where another student was tied to a tree, stripped naked, and urinated upon and that these defendants had knowledge of defendant Jayson Wilson's behavior. Plaintiffs contend that because of defendants' negligence and deliberate indifference to defendant Jayson Wilson's responsibility to protect the baseball team and despite numerous complaints L.C. was harmed.

"Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking." *Wofford v. E. State Hosp.*, 795 P.2d 516, 519 (Okla. 1990). "However, no claim arising from the performance of his duties may be made against [defendant] individually, because 'scope of employment' claims against employees are prohibited by § 163(c) of the Act. Further, if [defendants'] alleged omissions were found to have been outside the scope of employment, a negligence claim against him individually would fail because [defendant] had no duty to act in the preservation of [the minor student] in the absence of a 'special relationship'". *Cooper v. Millwood Indep. School Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. Civ. App. 1994). "Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the

plaintiff is a question for the court. Duty of care is not a concept that arises only by statute.... Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury." *Wofford*, 795 P.2d at 519 (internal citation omitted).

Having reviewed the parties' submissions, the Court finds that plaintiffs have alleged facts to demonstrate that the individual defendants may have a duty to the student plaintiff such that plaintiffs' claims for negligence, gross negligence and negligent supervision should proceed at this early stage of litigation. Accordingly, the Court denies defendants' motion to dismiss plaintiffs' claims for negligence, gross negligence and negligent supervision as to Fletcher Public School employees and board members in their individual capacity.

G. Section 1983

In their Complaint, plaintiffs also allege a § 1983 claim based on L.C.'s constitutional right to be free from bodily restraint and corporal punishment without due process of law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50 (internal citations omitted).

In this case, defendants assert that plaintiffs have not alleged that the constitutional

deprivations alleged resulted from a policy, regulation, custom or practice of FPSD. Defendants' also contend plaintiffs failed to plead facts demonstrating that each individual defendant acted with the requisite intent to harm or intent to place L.C. at risk of harm while acting under the color of law, resulting in the alleged deprivation of L.C.'s constitutional rights. "In school discipline cases, the substantive due process inquiry is whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Harris v. Robinson*, 273 F.3d 927, 930 (10th Cir. 2001). Specifically, as related to the FPSD and the Board, plaintiffs must identify a policy or custom taken by defendants or taken by an official with final policy making authority. *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1249 (10th Cir. 1999).

Having reviewed the parties' submissions, the Court finds that plaintiffs have sufficiently pled acts and/or omissions which engender a degree of outrageousness and a magnitude of potential or actual harm inflicted upon plaintiffs that is truly conscience shocking. Furthermore, plaintiffs have alleged that the unconstitutional actions of named district employees were representative of an official policy or custom, or were carried out by an official with final policy making authority with respect to the challenged action. Defendants, therefore, are susceptible to liability under Section 1983. Accordingly, the Court denies defendants' motion to dismiss as to plaintiffs' Section 1983 claim.

### H. Punitive Damages

Finally, to the extent plaintiffs' Complaint seeks punitive damages against individual defendants, FPSD, administrative employees and board members, it is well settled that a political

12

subdivision such as a school district is immune from punitive damages in a civil rights lawsuit brought under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Because a suit against a public official in his or her official capacity is merely another way of suing the governmental entity itself, the same rule applies to suits against governmental officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Under Oklahoma law, punitive damages cannot be rendered in any action or claim against a political subdivision. Okla. Stat. tit. 51, § 154(B). Based upon these well-established authorities, the Court agrees with defendants that plaintiffs are not entitled to punitive damages from FPSD or the administrative employees, board members or remaining defendants sued in their official capacity under Section 1983. Accordingly, the Court grants defendants' motion to dismiss as to punitive damages sought against defendants sued in their official capacity.

I. Individual Capacity Claims

To the extent that individual defendants Kathryn Turner, Aaron Jones, Sam Harless, James Hall, Judy Davis, Danny Jones, Shane Gilbreath, Michael Wynn, Julie Poteete, Lonnie Sanders and Wade Deitrick ("individual defendants") move to dismiss plaintiffs' claims as to the issue of standing, the Court herein grants plaintiffs leave to amend their Complaint substituting L.C's full name. This motion is, therefore, denied as moot.

In their Motion to Dismiss the individual defendants also assert individual liability is precluded by the OGTCA, which specifically grants immunity for any negligent acts taken in good faith, and by the federal Paul D. Coverdell Teacher Protection Act of 2011. Having reviewed the parties' submissions, the Court as previously noted, finds that plaintiffs have alleged facts to demonstrate that individual defendants may have a duty to L.C. such that plaintiffs' negligence

13

claims should proceed. Accordingly, the Court denies individual defendants' motion to dismiss plaintiffs' negligence claims.

As to plaintiffs' claim that these individual defendants intentionally inflicted emotional distress upon L.C., the Court grants defendants' motion to dismiss.

### J. Amendment

Plaintiffs move, in the alternative, for leave to amend their Complaint to cure any defects the Court identifies. As there has not been any objection filed by defendants to this request, the Court determines that plaintiffs should be permitted to amend their Complaint. Accordingly, the Court grants the alternative relief requested by plaintiffs.

### K. Motion to Strike

Before the Court is defendant Jayson Wilson's motion to strike plaintiffs' response to defendants' motions to dismiss. Defendant Wilson contends certain comments made by plaintiffs in their responses are scandalous, immaterial and not pertinent to the respective motions. Plaintiffs contend defendant Wilson is making the same objection that he raised in the response to the motion to dismiss submitted on his behalf and that the statements included in their response are not inappropriate nor violate any rule of civil procedure.

Federal Rule of Civil Procedure 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) Upon review of the parties' submissions, the Court DENIES Defendant Jayson Wilson's Motion to Strike Plaintiffs' Response Brief to Defendants' Motion to Dismiss [docket no. 16] as inappropriate and unnecessary.

14

IV.     CONCLUSION

For reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss [docket no. 8] as follows:

> 1. The Court GRANTS defendants' motion to dismiss as to plaintiffs' claims against individual defendants in their official capacities, plaintiffs' fraud, battery, assault, false imprisonment, defamation, intentional infliction of emotional distress claims as to defendants Kathryn Turner, Aaron Jones, Sam Harless, James Hall, Judy Davis, Danny Jones, Shane Guilbreath, Michael Wynn, Julie Poteete, Lonnie Sanders, and Wade Deitrick, plaintiffs' punitive damages claim as to Fletcher Public School District, and plaintiffs' standing claim.
>
> 2. The Court DENIES defendants' motion to dismiss as to the issue of time limitation, and plaintiffs' negligence, gross negligence and negligent supervision and Section 1983 causes of action.

Further, as to Defendants Kathryn Turner, Aaron Jones, Sam Harless, James Hall, Judy Davis, Danny Jones, Shane Gilbreath, Michael Wynn, Julie Poteete, Lonnie Sanders, and Wade Deitrick's motion to dismiss in their individual capacities [docket no. 9], for reasons set forth above, the Court:

> 1. GRANTS these defendants' motion to dismiss plaintiffs' claim of intentional infliction of emotional distress.
>
> 2. DENIES these defendants' motion to dismiss plaintiffs' negligence, gross negligence and negligent supervision and § 1983 claims, and
>
> 3. DENIES as MOOT these defendants' motion to dismiss as to plaintiffs' standing claim.

Finally, the Court GRANTS plaintiffs' motion for leave to amend their Complaint. Plaintiffs' amended complaint shall be filed by August 19, 2011.

**IT IS SO ORDERED this 9th day of August, 2011.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE